IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00628-MR

| | |
|---|---|
| ONDRE T. HUNTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF MECKLENBURG )<br>COUNTY, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are the Plaintiff's pro se "Amended Defendant(s) and the Complaint" [Doc. 5] and "A Motion of Added Information and Amend" [Doc. 8]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 7].

## I.  BACKGROUND

The *pro se* Plaintiff is a pretrial detainee currently held at the Mecklenburg County Detention Center.[1] He filed the instant action on

---

[1] The Plaintiff has filed several prior lawsuits during his present confinement. See Hunter v. McFadden, No. 3:21-cv-162-MR, 2021 WL 1554333 (W.D.N.C. April 20, 2021) (dismissing without prejudice a § 2241 petition arguing *inter alia* that the criminal charges should be dismissed because he is not receiving adequate discovery and there is no evidence of his guilt, and complaining about the conditions of his confinement); Hunter v. McFadden, No. 3:21-cv-63-MR, 2021 WL 1030239 (W.D.N.C. March 16, 2021) (dismissing with prejudice a § 1983 action regarding a vandalism charge and deduction

November 18, 2021[2] pursuant to 42 U.S.C. § 1983. He names the following as Defendants: the Municipality of Mecklenburg County; Timothy Gromis, a Charlotte Mecklenburg Police Department ("CMPD") sergeant/supervisor; John Vanhemel, a CMPD detective; Spencer B. Merriweather III, the Mecklenburg County District Attorney; and Denzil H. Forrester, the Plaintiff's criminal defense attorney. The individual Defendants are named only in their official capacities. [Doc. 1 at 2-3]. The Plaintiff asserts claims for "depriv[ation of] due process, malicious prosecution, reckless disregard, ineffective assistance of counsel, and abuse of process" in violation of the "1st, 4th, 5th, 6th, and the 14[th] amendment[s]." [Id. at 3-4]. Specifically, he alleges that "his pre-trial detention is in violation of the constitution and [that he was] wrongfully deprived of a preliminary hearing" pursuant to an unofficial custom or procedure of Mecklenburg County. [Id. at 5, 15]. As injury, he alleges "emotional distress from prolonged detention from unreasonable seizure and lack of subject matter jurisdiction/ jurisdiction over action." [Id. at 5]. The Plaintiff seeks "declaratory and injunctive relief [that

---

of $100 from his prison account); Hunter v. McFadden, No. 3:21-cv-33-MR (dismissing and denying a § 2241 petition alleging detention without evidentiary support and addressing the conditions of his confinement).

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

he is] entitl[ed] to a preliminary hearing …[,] bail reduction or immediate[] [r]elease[,] and pa[yment of] all court cost[s]."  [Id.].

In his "Amended Defendant(s) and the Complaint," which is unsigned, the Plaintiff seeks to "delete" the Municipality of Mecklenburg County and Mr. Forrester as Defendants, and add factual allegations. [Doc. 5 at 1].

In "A Motion of Added Information and Amend," he appears to argue that the grand jury should not have found probable cause, which violates due process and has deprived the state court of jurisdiction, and that his appointed attorney has failed to provide meaningful representation which he has addressed in a state habeas petition. [Doc. 8 at 2]. As relief, he requests dismissal of the state court charges and his release. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

3

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff names the "Municipality of Mecklenburg County"[3] as a Defendant. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged

---

[3] Mecklenburg County is a county. As such, it is a subdivision of the State of North Carolina, not a municipality. It is, however, a local governing body within the meaning of § 1983.

4

to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

In the instant case, the Plaintiff vaguely alludes to an "unofficial custom or procedure of Mecklenburg County" but he fails to provide any factual allegation to support such a claim. [Doc. 1 at 5]. Rather, it appears that he attempts to hold the County liable under a respondeat superior theory for the individual Defendants' actions regarding his detention and criminal charges.

His allegations fail to support a plausible Monell claim and, accordingly, the claims against Mecklenburg County are dismissed.[4]

The Plaintiff also purports to sue Defendant Merriweather, the Mecklenburg County District Attorney. Prosecutors are absolutely immune as individuals from Section 1983 liability for acts arising out of the exercise of their official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). This immunity applies only to the extent that prosecutors serve as advocates for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor's administrative and investigative duties that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id. The Plaintiff's allegations against Defendant Merriweather appear to relate to his prosecutorial duties. Accordingly, absolute immunity applies and the claims against Defendant Merriweather are dismissed.

The Plaintiff further purports to sue Defendant Forrester, his criminal defense attorney. However, the Plaintiff makes no factual allegations to support the contention that Defendant Forrester was acting under the color of state law when the incidents at issue occurred. See generally Polk County

---

[4] The Plaintiff appears to acknowledge in his "Amended Defendant(s) and the Complaint" that he failed to establish municipal liability. [Doc. 5 at 1].

v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). Therefore, the claims against Defendant Forrester are dismissed.[5]

Finally, the Plaintiff names Defendants Gromis and Vanhemel, CMPD officers, in their official capacities. Lawsuits against government employees in their official capacities are "only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). As previously discussed, the Plaintiff has failed to state a Monell claim against the County. Accordingly, the claims against the Defendants in their official capacities are likewise dismissed without prejudice.

B. Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state

---

[5] In his "Amend Defendant(s) and the Complaint," the Plaintiff appears to acknowledge that claims of ineffective assistance of counsel are not cognizable in a § 1983 action. [Doc. 5 at 1].

7

interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). "A federal court may disregard Younger's mandate only where: (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution;' (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions;' or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury" such as a double jeopardy violation. Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

The Plaintiff's request that this Court grant him bail reduction or immediate release would directly interfere with his State criminal proceedings. He has failed to allege any facts from which this Court can conclude that extraordinary circumstances exist that would warrant interfering in the pending state criminal proceedings. Therefore, even if the Plaintiff had named a Defendant against whom this § 1983 case may proceed, it appears that Younger abstention would apply.

Further, to the extent that the Plaintiff is attempting to challenge his state confinement, conviction, and/or sentence, such are not appropriately brought in a civil rights action. See generally Preiser v. Rodriguez, 411 U.S.

8

475 (1973) (habeas and a civil rights suit pursuant to 42 U.S.C. § 1983 are mutually exclusive). Should the Plaintiff wish to challenge his state confinement, conviction, and/or sentence, he must do so in a separate civil action.[6] See generally 28 U.S.C. §§ 2241, 2254.

### C. Pending Motions

The Plaintiff's "Amended Defendant(s) and the Complaint," and "A Motion of Added Information and Amend" are construed as Motions to Amend.[7] The Plaintiff's attempts to amend the Complaint piecemeal are denied. He will have the opportunity to file a superseding Amended Complaint setting forth all the Defendants and claims he seeks to assert, and to attempt to state a claim upon which relief can be granted. To the extent that the Plaintiff seeks to delete Mecklenburg County and Forrester as Defendants, the Motion is moot because the Complaint is being dismissed for failure to state a claim. Therefore, the Motions are denied.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Complaint is dismissed without prejudice. The Court will allow Plaintiff thirty

---

[6] The Court expresses no opinion about the merit or procedural viability of such an action.

[7] The "Amended Defendant(s) and Complaint" is also subject to being stricken because it is unsigned. Fed. R. Civ. P. 11(a). The Clerk mailed the Plaintiff a copy of the signature page of the Motion for the Plaintiff on December 9, 2021 to sign and return, but no such signature has been filed.

9

(30) days to amend his Complaint, if he so chooses, to show that <u>Younger</u> does not apply and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

3. The Plaintiff's "Amended Defendant(s) and the Complaint" [Doc. 5] and "A Motion of Added Information and Amend" [Doc. 8] are construed as Motions to Amend and are **DENIED WITHOUT PREJUDICE** to file a superseding Amended Complaint.

The Clerk is respectfully instructed to mail the Plaintiff blank § 1983, 2241, and 2254 forms.

**IT IS SO ORDERED**.

Signed: March 7, 2022

Martin Reidinger
Chief United States District Judge