# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00628-MR

| | |
|---|---|
| **ONDRE T. HUNTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CITY OF CHARLOTTE, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review the Plaintiff's pro se Amended Complaint. [Doc. 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

The pro se Plaintiff is a pretrial detainee currently held at the Mecklenburg County Detention Center. He filed this action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief or immediate release for his "emotional distress from prolonged detention from unreasonable seizure and lack of subject matter jurisdiction/ jurisdiction over action." [Doc. 1 at 5]. On March 7, 2022, the Court dismissed the Complaint on initial review for failure to state a claim upon which relief can be granted, and as

barred by Younger[1] abstention. [Doc. 10]. The Court granted the Plaintiff 30 days to file an amended complaint and provided him with a blank § 1983 form. The Plaintiff was cautioned that, "[i]f [he] fails to amend the Complaint in accordance with this Order … this action will be dismissed without prejudice and without further notice…." [Id. at 10]. The Court also provided the Plaintiff with blank 28 U.S.C §§ 2254 and 2241 forms and instructed him that, "[s]hould [he] wish to challenge his state confinement, conviction, and/or sentence, he must do so in a separate civil action." [Id. at 9]. The Plaintiff filed the present Amended Complaint [Doc. 11] using only the first page of a § 1983 form; the rest is handwritten. It is now before the Court for initial review.

The Plaintiff names as the Defendant(s) "City of Charlotte, et. al." [Doc. 11 at 1]. He claims that "[t]he defendants of CMPD, Timothy Gromis and sergeant/supervisor John Vanhemel a detective both acted in bad faith dishonesty in fact in the conduct or transaction concerned to the magistrate judge and charged with an offense under a prosecutor's information" and that he has been "charged by information detained for substantial period without fair opportunity for judicial determination of probable cause." [Doc. 11 at 2]. He again claims that he has suffered "emotional distress from

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

prolonged detention from unreasonable seizure lack of facts showing the offense for which the person was arrested, and lack of subject-matter jurisdiction/jurisdiction…." [Id. at 4-5]. He seeks "declaratory and injunctive relief for unsecure bond or immediate release." [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint

3

which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To the extent that the Plaintiff attempts to assert a municipal liability claim against the City of Charlotte, he has failed to do so for the reasons set forth in the Order on initial review.[2] [See Doc. 10 at 4-6].

The Plaintiff's claims against Defendants Gromis and Vanhemel are too vague and conclusory to allege that these Defendants violated his rights in any way. Moreover, the gist of the Amended Complaint is, again, that he is being improperly detained on pending state charges on unreasonable bond, and that he should receive declaratory and injunctive relief and be immediately released from custody. The Plaintiff raised these same allegations in the Complaint, which was dismissed, and he was instructed to explain in the Amended Complaint why this action is not barred by Younger abstention. [Doc. 10 at 7-9]. He failed to follow the Court's instruction and instead, has presented the same conclusory and barred claims that he set forth in the Complaint.

---

[2] In the Complaint, the Plaintiff asserted municipal liability claims against the "Municipality of Mecklenburg County"; however, the analysis is the same. [Doc. 10 at 4].

The Court notes that the Plaintiff has repeatedly attempted to challenge his pretrial detention in lawsuits in this Court, all of which have been unsuccessful. See Hunter v. McFadden, No. 3:21-cv-162-MR, 2021 WL 1554333 (W.D.N.C. April 20, 2021) (dismissing without prejudice a § 2241 petition arguing inter alia that the criminal charges should be dismissed because he is not receiving adequate discovery and there is no evidence of his guilt, and complaining about the conditions of his confinement); Hunter v. McFadden, No. 3:21-cv-63-MR, 2021 WL 1030239 (W.D.N.C. March 16, 2021) (dismissing with prejudice a § 1983 action regarding a vandalism charge and deduction of $100 from his prison account); Hunter v. McFadden, No. 3:21-cv-33-MR (dismissing and denying a § 2241 petition alleging detention without evidentiary support and addressing the conditions of his confinement). The present action is yet another unsuccessful attempt to challenge his pretrial detention and, in doing so, he has failed to comply with the Court's March 7, 2022 Order. Accordingly, this action will be dismissed with prejudice. The Plaintiff is cautioned that any further duplicative, frivolous, malicious, insufficient, or vexatious filings in this Court may result in the imposition of sanctions including a pre-filing injunction.[3]

---

[3] Such sanctions would be independent of 28 U.S.C. § 1915(g), which may also apply.

**IT IS, THEREFORE, ORDERED** that:

1) The Amended Complaint [Doc. 11] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

2) The Plaintiff is cautioned that any further duplicative, frivolous, malicious, insufficient, or vexatious filings in this Court may result in the imposition of sanctions including a pre-filing injunction.

**IT IS SO ORDERED**.

Signed: April 21, 2022

Martin Reidinger
Chief United States District Judge